UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

LORI A. MEESE-GIBB,

     Plaintiff,

v.

CAPIO PARTNERS, LLC,

     Defendant.
_____/

## COMPLAINT
## JURY DEMAND

1.      Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq*. ("FCCPA")..

## JURISDICTION AND VENUE

2.      This Court has jurisdiction under 28 U.S.C. §§1331, 1337, 1367 and 15 U.S.C. §1692k.Venue in this District is proper because Plaintiff resides here and Defendant mailed letters into this District.

## PARTIES

3.      Plaintiff, LORI A. MEESE-GIBB, is a natural person, and citizen of the State of Florida, residing in Palm Beach County, Florida.

4.      Defendant, CAPIO PARTNERS, LLC, is a limited liability company formed under the laws of the State of Texas and citizen of the State of Texas with its principal place of business at Suite 150, 2222 Texoma Parkway, Sherman, Texas 75090.

5.     Defendant is registered with the Florida Department of State as a foreign limited liability company. Its registered agent for service of process is CT Corporation System, 1200 South Pine Island Road, Plantation, Florida 33324**.**

6.     Defendant is registered with the Florida Office of Financial Regulation as a consumer collection agency.

7.     Defendant sends thousands of letters to debtors annually seeking to collect debts**.**

8.     Defendant sole business is the collection of debts.

9.     All of Defendant's income arises from the collection of debts.

10.    Defendant regularly collects or attempts to collect debts for other parties by sending thousands of debt collection letters annually.

## **FACTUAL ALLEGATIONS**

11.    Defendant sought to collect from Plaintiff an alleged debt arising from her personal medical care.

12.    The alleged debt was incurred August 29, 2013.

13.    Plaintiff's debt went into default with the original creditor for failure to pay.

14.    Thereafter, the alleged debt was sold CF Medical, LLC.

15.    CF Medical, LLC and Defendant are related by common ownership.

16.    CF Medical, LLC contracted with Defendant to collect the alleged debt.

17.    On or about September 25, 2019, Defendant sent Plaintiff a letter, ("the letter" or "collection letter"), attached as Exhibit "A".

2

18.     The letter states:

We have been authorized to extend to you a special offer to resolve this account for $180.53. This offer will save you 50%. If you choose to accept this offer, payment must be received in this office on or before 10;26/2019.

*Collection Letter*, Exhibit "A"

19.     The letters make no mention of the fact that the alleged debt was time-barred.

20.     The language of the letter lead Plaintiff and also leads the least sophisticated consumer to believe that if she does not "resolve" the account, she risks litigation, when the alleged debt was already time-barred when the letter was sent.

21.     The letter falsely represents the legal status of the alleged debt.

22.     The letter falsely implies the threat of litigation.

23.     In considering a debt collection letter sent on a time-barred debt offering to "resolve" the debt the Eleventh Circuit held:

 We conclude that this language, taken in its entirety, could plausibly deceive or mislead an unsophisticated consumer as to the legal status of the debt, even in the absence of an express threat of litigation.

*Holzman v. Malcolm S. Gerald & Assocs., Inc.*, 920 F.3d 1264, 1272 (11th Cir. 2019)

## COUNT I
## FALSE REPRESENTATION OF THE LEGAL STATUS OF THE ALLEGED DEBT

24.     Plaintiff incorporates Paragraphs 1 through 23.

25.     Defendant's letter falsely represents the status of the alleged debt in violation of 15 U.S.C. §1692e (2)(A).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

     a.    Damages;

     b.    Attorney's fees, litigation expenses and costs of suit; and

     c.    Such other or further relief as the Court deems proper.

## COUNT II
## FALSE, DECEPTIVE AND MISLEADING THREAT OF LITIGATION REGARDING THE ALLEGED DEBT

26.    Plaintiff incorporates Paragraphs 1 through 23.

27.    Defendant's letter deceptively and misleadingly implies the threat of litigation on a time-barred debt in violation of 15 U.S.C. §1692(e).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

     a.    Damages;

     b.    Attorney's fees, litigation expenses and costs of suit; and

     c.    Such other or further relief as the Court deems proper.

## COUNT III
## CLAIMING THE RIGHT TO WHICH DEFENDANT KNOWS IT IS NOT ENTITLED IN VIOLATION OF THE FCCPA

28.    Plaintiff incorporates Paragraphs 1 through 23.

29.    Defendant implied the threat of suit when it had no legal right to sue in violation of Fla. Stat. §559.72(9).

WHEREFORE, Plaintiff requests the Court enter judgment in favor of Plaintiff and against Defendant for:

     a.     Damages;

     b.     Attorney's fees, litigation expenses and costs of suit; and

     c.     Such other or further relief as the Court deems proper.

## COUNT IV
## DECLARATORY RELIEF AND PERMANENT INJUNCTION

30.     Plaintiff incorporates Paragraphs 1 through 23.

31.     Pursuant to 28 U.S.C §§2201 and 2202, Plaintiff seeks a declaration that Defendant's letter's is in violation of the FCCPA.

32.     Plaintiff seeks a permanent injunction prohibiting Defendant from continuing the collection of Plaintiff's debt via threat of suit.

WHEREFORE, Plaintiff requests that the Court enter judgment:

     a.     declaring that Defendant's practices violate the FCCPA;

     b.     permanently injoining Defendant from engaging in the violative practices;

     c.     Attorney's fees, litigation expenses and costs of suit; and

     d.     Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

     DONALD A. YARBROUGH, ESQ.
     Attorney for Plaintiff
     Post Office Box 11842
     Ft. Lauderdale, FL 33339
     Telephone: 954-537-2000
     Facsimile: 954-566-2235
     don@donyarbrough.com

By: s/ Donald A. Yarbrough
    Donald A. Yarbrough, Esq.
    Florida Bar No. 0158658